[Cite as *State v. Burton*, 2026-Ohio-3047.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250548 |
| | | TRIAL NO. M/25/TRD/13231 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| DANIEL C. BURTON, | : | |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the appeal is dismissed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 8/7/2026.**

**Pursuant to App.R. 30, the clerk is directed to serve upon all parties, or their counsel if represented, a copy of the court's judgment and note such action on the docket.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Burton*, 2026-Ohio-3047.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :         APPEAL NO.   C-250548
                                            TRIAL NO.    M/25/TRD/13231
    Plaintiff-Appellant,     :

  vs.                            :

                                            *O P I N I O N*

DANIEL C. BURTON,                 :

    Defendant-Appellee.      :


Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: August 7, 2026


*Strauss Troy Co., LPA, Joseph J. Braun* and *Andrew D. White*, for Plaintiff-Appellant,

*DeBra Law, LLC,* and *Ryan L. DeBra*, for Defendant-Appellee.

**CROUSE, Judge.**

{¶1} This is an appeal from an appeal from a mayor's court conviction for a noisy muffler. The State asks us to review the Hamilton County Municipal Court's entry refusing to dismiss the appeal to that court for lack of subject-matter jurisdiction. But while R.C. 2945.67(A) purports to permit us to hear such appeals, the Ohio Constitution limits our appellate jurisdiction to "judgments or final orders"—and the municipal court's jurisdictional ruling is neither. Therefore, because we lack jurisdiction over this appeal, it is dismissed.

## I. Background

{¶2} On December 8, 2024, defendant-appellee Daniel C. Burton received a citation for "Loud Exhaust" in violation of Loveland Cod.Ord. 337.20. The citation summoned Burton to appear in the Loveland Mayor's Court on December 19, 2024. The mayor's court ultimately found Burton guilty and imposed a $25 fine and $55 in costs. The decision was recorded on a document with the heading "POST-COURT DOCKET" with a "Court Date" of "May 1, 2025," and a "Report Date" of "05/05/2025."

{¶3} On May 13, 2025, Burton filed a notice that he was appealing the mayor's court's ruling to the Hamilton County Municipal Court. The mayor's court then certified its record to the municipal court.

{¶4} In the municipal court, the City of Loveland, proceeding on behalf of the State of Ohio, moved to dismiss Burton's appeal for lack of jurisdiction, arguing that Burton's appeal was untimely and that the case fell outside the municipal court's territorial jurisdiction. The municipal court denied the State's motion.

{¶5} The State then sought this court's leave to appeal the municipal court's jurisdictional ruling, which we granted.

## *II. Appellate Jurisdiction*

**{¶6}** Our analysis begins and ends with our jurisdiction. Although the parties have not litigated the question of appellate jurisdiction in their merits briefing, "we are obliged to consider our jurisdiction even if neither party raises the issue." *Preterm-Cleveland v. Yost*, 2022-Ohio-4540, ¶ 9 (1st Dist.). We note, however, that the State briefed the issue as part of its motion for leave to appeal.

### A.

**{¶7}** Ohio's courts of appeals are created by the Ohio Constitution, and the Constitution bounds their jurisdiction. Relevant here, Article IV, Section 3(B)(2), provides that the "[c]ourts of appeals shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse *judgments or final orders* of the courts of record inferior to the court of appeals within the district." (Emphasis added.) "As a result, it is well established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." (Cleaned up.) *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 14. Thus, the legislature's authority to "provide[] by law" for our appellate jurisdiction, while significant, is limited to selecting *which* "judgments or final orders" we will review.

**{¶8}** In its motion for leave, the State argued that R.C. 2945.67(A) creates an exception to the final-order rule for appeals by prosecutors. R.C. 2945.67(A) states that a prosecuting attorney (1) "may appeal as a matter of right" certain significant decisions in a criminal case, and (2) "may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case." It thus permits the State to appeal, either of right or with leave, virtually any decision or order except a final verdict—including many decisions that would, in no sense, qualify as judgments or final orders.

**{¶9}** The broad scope of R.C. 2945.67(A) is thus in tension with the constitutional requirement of finality—especially the broad, appeal-by-leave provision. Two years ago, we avoided deciding whether R.C. 2945.67(A) permits an appeal from a nonfinal order. *See In re A.C.*, 2024-Ohio-1661, ¶ 13 (1st Dist.). We noted that "Ohio courts have been inconsistent" in their answers to this question. *Id.*; *see also State v. Jackson*, 2011-Ohio-986, ¶ 5-6 (9th Dist.) (surveying the inconsistencies).

**{¶10}** Today, we must answer the question we left open in *A.C.* Fortunately for us, the Ohio Supreme Court answered it for us over 40 years ago. In *State ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 34 (1984), the State had sought leave to appeal a trial court's evidentiary ruling under R.C. 2945.67(A). The court of appeals denied leave "on the basis that the trial court's order was an interlocutory one from which no appeal could be taken." *Id.* The Supreme Court took up the case to determine whether this was a proper basis for denying leave. Its analysis began by noting that the Ohio Constitution imposes "two limitations" on the appellate jurisdiction of courts of appeals, which the Court deemed "critical to a resolution of this case." *Id.* at 35.

**{¶11}** *First*, "courts of appeals have only such jurisdiction as is 'provided by law.'" *Id.*, quoting Ohio Const., art. IV, § 3(B)(2). Thus, the first task was to "refer to the appropriate legislative enactment"—there, as here, R.C. 2945.67(A)—"to determine whether an appeal will lie." *Id.* The Court held that the evidentiary ruling at issue in *Leis* fell within R.C. 2945.67(A)'s appeal-by-leave provision. *Id.* at 36.

**{¶12}** *Second*, the Ohio Constitution also provides "that the courts of appeals have authority to review 'judgments or final orders' only." *Id.*, quoting Ohio Const., art. IV, § 3(B)(2). Thus, even after concluding that R.C. 2945.67(A) permitted appeal by leave, the Court still had to ask "whether the trial court's decision constituted a judgment or final order." *Id.* Only once the Court concluded that the trial court's ruling

was, indeed, final did it hold that the "the court of appeals erred in finding that it was without authority to grant an appeal."[1] *Leis* at 37.

{¶13} Although *Leis* unambiguously provides a framework for resolving this case, the State urges that the Ohio Supreme Court has since changed its tune in *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420 (1994),[2] and *State ex rel. Mason v. Burnside*, 2007-Ohio-6754. In *Steckman*, the Court held that the State could appeal an interlocutory discovery order by leave of court, because "the *state's* right to appeal" under R.C. 2945.67 provided an "exception" to the general rule that "discovery orders . . . are neither final nor appealable." (Emphasis in original.) *Steckman* at 438. And in *Mason*, the Court denied a writ of prohibition to shield a prosecutor from a discovery order, in part because *Steckman* meant the prosecutor had "an adequate remedy at law" by way of an "appeal by leave" and "a motion to stay."[3] *Mason* at ¶ 14.

{¶14} Neither *Steckman* nor *Mason* purported to alter *Leis*'s holding that the Constitution requires that an order be "final" to be appealed under R.C. 2945.67(A). Neither opinion cites *Leis*, addresses finality, or even mentions the relevant constitutional provision. To reconcile these three cases, therefore, we must read *Steckman* and *Mason* as silently concluding either (A) that *Leis* had to be overruled because Ohio Const., art. IV, § 3(B)(2), no longer required finality, or (B) that the orders appealed in *Steckman* and *Mason* happened to be final. Because we decline to

---

[1] *Leis* held that the evidentiary ruling on appeal was "[a]n order that affects a substantial right made in a special proceeding," and thus a final order under R.C. 2505.02(B)(2). *See Leis*, 10 Ohio St.3d at 36-37. That holding rested on an application of the balancing test from *Amato v. Gen. Motors Corp.*, 67 Ohio St.2d 253, 258 (1981). *See Leis* at 37. The Court later overruled the *Amato* test in *Polikoff v. Adam*, 67 Ohio St.3d 100, 107-108 (1993). But, while *Leis*'s "special proceeding" holding is no longer good law, *Polikoff* did not touch *Leis*'s broader framework for reconciling R.C. 2945.67(A) and Ohio Const., art. IV, § 3(B)(2).

[2] *Steckman*'s substantive holding, which is not at issue here, was partially overruled in *State ex rel. Caster v. Columbus*, 2016-Ohio-8394.

[3] We further note that *Steckman* was but one of two independent bases upon which the Court concluded Mason had an adequate remedy at law. *See Mason*, 2007-Ohio-6754, at ¶ 15 (prosecutor also had adequate remedy because he could refuse to comply and appeal any contempt order).

read a seismic shift into *Steckman*'s and *Mason*'s silence, we adopt the latter approach and read them as consonant with *Leis*. At most, *Steckman* and *Mason* suggest that *some* discovery orders—including the discovery orders on appeal in those cases—are final. They do not hold that finality is now irrelevant.

{¶15} Accordingly, we hold that *Leis*'s application of the Constitution's plain text remains the law. Ohio's courts of appeals may exercise appellate jurisdiction *only if* (1) such jurisdiction has been "provided by law" (i.e., by statute) *and* (2) the order to be reviewed is a "judgment[] or final order[]." Ohio Const., art. IV, § 3(B)(2); *see Leis*, 10 Ohio St.3d 34, at the syllabus. So, a prosecutor's appeal under R.C. 2945.67(A)— whether of right or by leave—must comply with both the requirements in that statute *and* the finality criterion imposed by the Ohio Constitution. *See Leis* at 36.

**B.**

{¶16} Here, the State complied with R.C. 2945.67(A)'s appeal-by-leave provision. So, we ask whether the municipal court's entry denying the State's motion to dismiss for lack of jurisdiction was a judgment or final order.

{¶17} We hold that it was not. A legion of cases affirm that entries denying motions to dismiss are "generally not final orders subject to appellate review." *See, e.g., Cook v. Metro. Sewer Dist. of Greater Cincinnati*, 2022-Ohio-3245, ¶ 12 (1st Dist.). This rule "'applies with equal force to motions that challenge the subject matter jurisdiction of a court.'" *Cantie v. Hillside Plaza*, 2014-Ohio-822, ¶ 24 (8th Dist.), quoting *Matteo v. Principe*, 2010-Ohio-1204, ¶ 21 (8th Dist.); *compare Total Quality Logistics v. Johnson*, 2022-Ohio-428, ¶ 9-11 (12th Dist.) (collecting cases holding that a denial of a "motion to dismiss for lack of personal jurisdiction is not a final appealable order"); *Cook* at ¶ 14, 19 (denial of motion to dismiss on grounds that defendant was not sui juris was not a final order). Indeed, not even the State's motion

for leave argued that the municipal court's order was final. The State rested on its contention that R.C. 2945.67(A) provided an exception to the finality rule.

{¶18} The State therefore cannot appeal the municipal court's order. We note, however, that the State may have other remedies. Writs of prohibition remain available in cases where the State has no adequate remedy at law, or where the trial court "patently and unambiguously lacked jurisdiction." (Cleaned up.) *State ex rel. Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶ 17; *accord State ex rel. Hare v. Russell*, 2022-Ohio-1932, ¶ 8 (1st Dist.). And caselaw suggests that a writ of prohibition may issue to a court created by statute (e.g., a municipal court) if it ventures beyond its statutory remit. *See State ex rel. Fiser v. Kolesar*, 2020-Ohio-5483, ¶ 20; *State ex rel. Coyne v. Todia*, 45 Ohio St.3d 232, 236 (1989) (allowing writ of prohibition, despite possibility of appeal, to prevent municipal courts from usurping jurisdiction of mayor's courts); *State ex rel. Safeco Ins. Co. of Am. v. Kornowski*, 40 Ohio St. 2d 20 (1974) (writ of prohibition to stop municipal court from hearing motion beyond its monetary jurisdiction). We simply hold that the Constitution prevents the State from seeking a remedy by direct appeal.

### III. Conclusion

{¶19} We hold that we lack constitutional jurisdiction to review the municipal court's entry denying the State's motion to dismiss, because that entry was not a final order or judgment. We therefore hold that leave to institute this appeal was improvidently granted and dismiss the appeal. *Compare, e.g.*, *State v. Colon*, 2016-Ohio-707, ¶ 9, 14 (8th Dist.) (dismissing appeal after finding that "leave to appeal under R.C. 2945.67(A) was improvidently allowed").

Appeal dismissed.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.

8